(103 So. 161)

No. 26778.

## STATE v. GRECO.

(Feb. 2, 1925.)

*(Syllabus by Editorial Staff.)*

Health ⊜41—Letter from fire marshal and report of inspection held admissible in prosecution for refusal to install fire escape.

In prosecution for violating Act No. 276 of 1918, by willful refusal to obey state labor commissioner's order to install fire escape on hotel, letter from fire marshal to commissioner, and inclosed report of inspection by deputy marshal, *held* admissible as tending to prove that defendant in good faith undertook to obey statute.

Appeal from Criminal District Court, Parish of Orleans; Frank T. Echezabal, Judge.

Constance Greco was convicted of violating Act No. 276 of 1918, by failure to obey order to provide fire escape on hotel, and appeals. Conviction and sentence annulled, and case remanded.

Eugene S. Hayford and Louis H. Gosserand, both of New Orleans, for appellant.

Percy Saint, Atty. Gen., Robert H. Marr, Dist. Atty., of New Orleans, and Percy T. Ogden, Asst. Atty. Gen. (J. Bernard Cocke, of New Orleans, of counsel), for the State.

O'NIELL, C. J. Appellant was convicted of violating the Act 276 of 1918, requiring the owners of certain kinds of buildings, used for certain purposes, to provide them with fire escapes. The bill of information charged that the defendant—

"did willfully and unlawfully fail and refuse to comply with the order and direction of the state fire marshal and the state commissioner of labor to remove a fire hazard, that is to say, to install a fire escape on the hotel owned and operated by him, the said Greco, at No. 106 and 108 North Rampart street, in the city of New Orleans."

On the trial of the case, the commissioner of labor having testified for the state, and the state having rested its case, M. J. Long, of the fire marshal's office, and the defendant testified on his behalf, and his attorney then produced and offered in evidence, in connection with the testimony for the defense, a document purporting to be a carbon copy of a letter from the fire marshal to the labor commissioner, inclosing a copy of a report of an inspection made by a deputy fire marshal, viz.:

"March 22, 1924.

"Hon. Frank E. Wood, State Labor Commissioner, Maison Blanche Annex, New Orleans, Louisiana—Dear Sir: I beg to inclose herewith copy of the report of Deputy Fire Marshal Matt J. Long, as the result of his investigation of the means of egress from the premises No. 126 N. Rampart street.

"Assuring you of our co-operation at all times,
"Very truly yours,
"J. A. S.          State Fire Marshal.
"M. B.
"Enc.

"Conrad J. Le Cocq,          Phone Main 1490.
"State Fire Marshal,          File No. ——.
"Department State Fire Marshal.
"Room 110, New Court Building, New Orleans.
"Special Inspection Report.
"Matt J. Long, Jr., Inspector.
"Subject: Inspection of Exits No. 126 N. Rampart Street, New Orleans, La.
"Hon. Conrad J. Le Cocq, State Fire Marshal, New Orleans, La.—Dear Sir: After an inspection of the premises No. 126 North Rampart street, occupied by Mr. J. Schultz as a hotel, soft drink stand, and restaurant, beg to state that there is one stairway in the front and one in the rear of the building, which, in my opinion, gives the occupants ample means of exits in case of fire or panic.
"Respectfully,          M. J. Long, Jr.,
"March 20, 1924.    Deputy Fire Marshal."

We observe that the house described as No. 126 N. Rampart street in the report of the deputy fire marshal, and in the letter of the fire marshal to the commissioner of labor, is described in the bill of information as No. 106 and 108 North Rampart street. But it seemed to be conceded in the argument of the case—and there is no dispute

about it—that the building described in the bill of information is the same that was referred to in the report of the deputy fire marshal and in the letter of the fire marshal to the commissioner of labor. The bill of information was filed 45 days after the date of the fire marshal's report to the commissioner of labor.

The evidence was objected to by the district attorney as being irrelevant, the objection was sustained, and the defendant's attorney reserved a bill of exceptions to the ruling.

The documents purport to show that the defendant did not violate the orders of the fire marshal, but, on the contrary, satisfied his requirements. Our opinion therefore is that the documents were relevant and should have been received in evidence, to be considered in connection with the other evidence in the case. They might well serve to prove that the defendant in good faith undertook to obey the statute, and was therefore not guilty of a willful disobedience of the orders of either of the officers intrusted with the enforcement of the law.

The first section of the statute declares:

"That every building already erected, or that may hereafter be erected, more than three (3) stories in height, occupied and used as a hotel, * * * shall be provided with such good and sufficient fire escapes, stairways, suitable enclosures and other means that will afford safe means of egress in case of fire."

Then follow, in eight paragraphs, lettered (a), (b), (c), (d), (e), (f), (g), (h), respectively, specifications for (a) fire escapes, (b) stairways, (c) balconies, etc.

The second section of the statute makes it the duty of the state labor commissioner to direct the installation of fire escapes where he deems them necessary, and allows him to grant exemptions where he deems fire escapes unnecessary, and the same section declares that the fire escapes shall be constructed according to specifications to be issued or approved by the fire marshal, viz.:

"That it shall be the duty of the State Labor Commissioner to direct the installation of such fire escapes except in such cases as he may deem such fire escapes unnecessary, in consequence of adequate provisions having been already made for safety in event of fire or panic; and in such cases of exemption, the said State Labor Commissioner shall give the owner, lessee or occupant of said building a certificate to that effect, and his reason therefor. And such fire escapes as are provided for in this section shall be constructed according to specifications to be issued or approved by the state fire marshal."

The fourth section of the act also refers to the duties and authority of the fire marshal, viz.:

"That to better secure compliance with the provisions of the foregoing sections of this act, the owner or owners of any building now used for other purposes than aforesaid [meaning other than a hotel, or apartment or lodging house, etc.], which is to be adapted to any of the aforesaid uses, or any building to be erected for any of the aforesaid purposes [meaning for a hotel, or apartment or lodging house etc.], shall before adapting or erecting such building, submit to the state fire marshal architectural designs and specifications of such building, showing that compliance with the requirements of the foregoing sections is provided for therein, and such building shall not be adapted or erected without the approval of the state fire marshal."

The fifth and last section of the act is the penal clause, viz.:

"That the owner or owners of any of the buildings mentioned in the foregoing provisions of this act, who shall willfully fail or refuse to comply with the provisions of this act, or who shall willfully fail or refuse to observe the orders for the enforcement of this act, issued to said owner or owners by the state fire marshal or the state labor commissioner, shall be punished by a fine," etc.

We have quoted the provisions which relate to the duties and authority of the fire marshal and of the labor commissioner, respectively, merely to show what authority the fire marshal has under the statute. We

do not express an opinion now as to whether proof that the defendant satisfied the requirements of the fire marshal, under the circumstances of the case, would entitle him to an acquittal of the charge of willfully violating the statute, or the orders of the labor commissioner. That is for the judge of the criminal district court to decide, from all legal evidence that may be offered in the case. The documents which were rejected as evidence should have been received and considered. For that reason,

The conviction and sentence are annulled and the case is ordered remanded for a new trial.